

December 11, 2021

*Document Electronically Filed*
Hon. Katharine H. Parker
United States Magistrate Judge
U.S. District Court for the Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/11/2021
```

      Re:    Travis Parker v. Acting Commissioner of Social Security
              Civil Action No: 1:20-cv-084190-VSB-KHP

Dear Judge Parker:

      This letter respectfully requests an extension of time of forty-five (45) days for Plaintiff to serve his portion of the Joint Stipulation in this matter. Plaintiff's portion of the Joint Stipulation is currently due to be served on Counsel for the Defendant on December 17, 2021. If this request is granted, Plaintiff's Motion for Judgment on the Pleadings will be due on **January 31, 2021**. Subsequently, in accordance with the pattern of the Scheduling Order issued by this Court (Dkt. No. 10), the Commissioner's portion of the Joint Stipulation would then be due to be served on Counsel for Plaintiff on or before **March 2, 2022**. Plaintiff's Reply would then be due **March 16, 2022**. Further, within three (3) days of delivery by Plaintiff's counsel of the signed Joint Stipulation, the government attorney shall sign and electronically file the Joint Stipulation. The parties will then provide a courtesy copy of the Joint Stipulation to the Court once it has been filed.

      This is Plaintiff's second request for an extension of time to file his Motion for Judgment on the Pleadings. On October 13, 2021, this Court graciously granted Plaintiff's first Motion for an Extension of Time (Dkt. No. 20). Due the influx of Administrative Records being filed by the Commissioner due to the backlog created by COVID-19, Counsel has multiple, simultaneous filing deadlines that cannot be met. Counsel's office is in the process of hiring and training additional attorneys to combat this increased workload. This has caused staff in Counsel's office to experience unusually heavy workloads, as evidenced in the attached declaration of Howard D. Olinsky, managing partner at the Olinsky Law Group. Plaintiff cannot meet the current briefing deadline. This extension is needed to thoroughly and properly prepare Plaintiff's Motion for Judgment on the Pleadings. Plaintiff does not anticipate any further extension requests in this matter regarding the filing of Plaintiff's Motion for Judgment on the Pleadings. Plaintiff's counsel has contacted defense counsel who consents to this request. This request is not made with the purposes to delay, but to allow for thorough and proper preparation of the Plaintiff's Motion for Judgment on the Pleadings.



Thank you for your consideration.

          Respectfully submitted,

          */s/ Howard D. Olinsky*
          Howard D. Olinsky, Esq.
          Counsel for Plaintiff

CC [via ECF]: Susan D. Baird, Esq. (Counsel for Defendant)

**SO ORDERED.**

Dated: **12/11/2021**
      New York, NY

                                            **Honorable Katharine H. Parker**
                                            **U.S. Magistrate Judge**

DECLARATION OF HOWARD D. OLINSKY
OLINSKY LAW GROUP

I, HOWARD D. OLINSKY, Managing Partner of the Olinsky Law Group ("OLG"), declare and state as follows:

1. OLG employs around 60 individuals, over half of which focus exclusively on Federal Court review of final decisions of the Commissioner of Social Security.

2. In mid-March of 2020, due to the COVID-19 pandemic, the Social Security Administration ("SSA") began to restrict access to buildings, causing a large delay in CAR production for a significant portion of 2020.

3. This created a large backlog of transcripts, and a number of months where a significant portion of our Federal Court caseload was essentially stayed due to the lack of CAR production. OLG, knowing SSA's lack of capability, consented to each extension request made by the Commissioner.

4. SSA, after many months of delay, acquired the capacity to produce over 700 CARs per week. Prior to the COVID-19 pandemic, SSA was producing 300 CARs per week.

5. SSAs new capacity has significantly alleviated the Agency's backlog of cases. The Agency reported over 11,000 pending cases as of January of 2021 and has reduced that number to 2,350 as of mid-September.

6. The backlog created by the COVID-19 pandemic has pushed a large volume of CARs, and their subsequent briefing deadlines, into a small span of time.

7. At the same time SSA was unable to create CARs for federal court, the AC was issuing an unusually small number of AC denials. The cases which the AC were not releasing contained, *inter alia*, claims of constitutional violations under the Supreme Court's

holding in *Seila Law LLC v. Consumer Financial Protection Bureau*, 140 S.Ct. 2183 (June 29, 2020).

8. OLG included challenges under *Seila Law* in briefs to the AC since early July of 2020. After this inclusion, OLG began to receive an unusually low number of AC denials.

|  | AC DENIALS RECEIVED |
|---|---|
| October 2020 | 65 |
| November 2020 | 24 |
| December 2020 | 23 |

9. Emergency Message-21002, issued on January 15, 2021, states that, "a claimant or representative raises an issue based on *Seila Law* principles . . . staff will flag the case in CPMS or ARPS, respectively, by adding the case characteristic 'SEIL,' which appears in both systems under the 'Other' case characteristic type."

10. Emergency Message-21002 directs all staff to "continue processing claims using current policies and business processes without discussing or making any findings related to the *Seila Law* issue."

11. After the Emergency Message was issued, the AC began to release a significant number of denials which had been held presumably pending guidance from the Agency. The number of AC denials received in late-2020 can be compared to those received in the beginning of 2021.

|  | AC DENIALS RECIEVED |
|---|---|
| January 2021 | 541 |
| February 2021 | 1127 |
| March 2021 | 358 |
| April 2021 | 252 |
| May 2021 | 172 |
| June 2021 | 204 |
| July 2021 | 169 |
| August 2021 | 168 |
| September 2021 | 23 |

12. These numbers represent only *internal* AC denials, although OLG represents a significant number of additional clients who were previously represented by non-attorney representatives or unaffiliated attorneys.

13. In response to the imminent 60-day deadlines to file these appeals under 42 U.S.C. 405(g), OLG filed the following cases in Federal Court: 224 cases in March, 297 cases in April of 2021, 173 cases in May, 121 cases in June, and 125 cases in July, prior to dropping down to 93 cases in August of 2021.



14. OLG drafted and filed over just over 100 Briefs in July of 2021. OLG also drafted and filed Reply Briefs, Objections to Report and Recommendations, Responses to Motions, 59 (e) Responses, Appeals to the Circuit Courts, EAJA petitions, Fee Litigation, 406b Petitions and other miscellaneous tasks.

15. Currently, OLG has 109 Briefs scheduled to be drafted in October, 137 scheduled to be drafted in November, and 145 Briefs scheduled to be drafted in December of 2021.

16. This will be further compounded by the Answers received in the coming months. OLG received over 150 Answers in August of 2021, and has already received 123 Answers as of September 24, 2021.

17. In response to the massive release of cases from the AC and the increased CAR production capacity of the Commissioner, OLG has doubled its attorney staff.

18. At this point last year, OLG employed 8 Full-Time attorneys who exclusively drafted Federal Court briefs. Presently, OLG employs 15 Full-Time attorneys exclusively drafting Federal Court briefs and is continuing to search for and hire new Federal Court

attorneys.

19. I write this statement to explain to the Court why OLG needs to extend out some of our workload. We fully understand that these cases have been on the docket for a while as SSA worked out its CAR production stoppage. In some cases, the Commissioner asked for and received 180 additional days in 60-to-90-day extension increments. Now we need similar consideration to get all the drafting done.

In accordance with 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on: <u>September 24, 2021</u>

<u>/s/ Howard D. Olinsky</u><br>Howard D. Olinsky, Esq.